IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WOODROW BULLOCK, Jr. ,<br><br>*Plaintiff,*<br><br>vs.<br><br>ANCORA PSYCHIATRIC HOSPITAL, et al,<br><br>*Defendant(s), j/s/a.* | *Civil Action*<br><br>**No.** 1:10-cv-01412-RBK –AMD<br><br>Hon. Robert B. KUGLER, U.S.D.J.<br><br>**BREIF IN SUPPORT OF MOTION FOR**<br><br>**LEAVE TO AMEND COMPLAINT** |

**STATEMENT OF FACTS**

This action arises out of the improper treatment of Plaintiff, an involuntarily committed mental patient at Ancora Psychiatric Hospital (hereafter "Ancora" or APH), buy Ancora staff/Defendants involving their improper use of excessive force upon the against Plaintiff /patient, use of improper physical restraints, forcible IM injection of medication over the patient's objection to getting medication via "needle", as well as claims for failure to treat, and fraudulent concealment of video and other evidence of the Ancora's staff assault upon the Plaintiff. Plaintiff's claims as a State mental patient arise essentially under the New Jersey Patient's Bill of Rights, and also include Constitutionally protected Liberty interests such as the rights to remain free from unreasonable restraints, rights to refuse medications, for protection from excessive force and the like under Fourteenth Amendment.

The factual allegations of this case have been set forth in the District Court's Opinion dated August 18, 2011 as well as in the District Court's Order of December 20, 2012. The Order of 12/20/2012 involves a motion for leave to file Plaintiff's proposed Third Amended Complaint, (hereafter, TAC.); however, Plaintiff inadvertently had omitted previously approved claims for negligence assault or assault and battery despite the fact that the District Court in its August 18, 2011 permitted these claims. The current motion seeks to address these deficiencies as set forth in footnote 5 of the 12/20/2012 Order, [Doc. No. 70], pp. 6-7:

> 5.    The Court notes that Plaintiff's proposed TAC does not include a claim for negligence or assault and battery despite the fact that the District Court permitted these claims to proceed past dismissal. Plaintiff's reply brief addresses this deficiency in the proposed TAC and requests that the Court "permit Plaintiff to further amend the proposed pleading to the extent that the Court finds that the Assault and Battery or negligence is not maintained as [pled]. (Pl.'s Reply to Responding Defs.' Opp'n to Pl.'s Mot. for Leave to Amend Compl. [Doc. No. 62] (hereafter, "Pls.'s Reply" 15.) As the proposed claims for negligence and assault and battery are not included in the attached proposed TAC, the Court denies Plaintiff's request for failure to attach the proposed pleadings as to   assault and batter [sic] and negligence to Plaintiff's current motion. However, Plaintiff may file a renewed motion to amend to include these claims consistent with this Order.

In addition to permitting the motion to amend to add the inadvertently omitted claims for negligence and assault and battery, the Court addressed Plaintiff's claim for fraudulent concealment of evidence versus "spoliation" claims.  In its 12/20/2012 Order, the Court ruled: "Plaintiff may file a renewed motion to amend to assert a properly claim for fraudulent concealment." (12/20/2012 Order, [Doc. No. 70, p.28.])

Plaintiff accordingly seeks in this motion to amend the complaint to include the claim for fraudulent concealment of evidence as to Linda Jones, Ancora Health Information Department as set forth in the proposed Fourth Amended Complaint filed herewith.

The Court also addressed the issue of Plaintiff's desire to plead claims under the New Jersey Patient's Bill of Rights, granting Plaintiff's motion to amend to include claims under the New Jersey Patient's Bill of Rights as to Defendants Chang, Cabasa,  Kellum, Fisher, Gehbauer and Gardenshire.  (12/20/2012 Order, [Doc. No. 70, p.29.])

Plaintiff accordingly seeks in this motion to amend the complaint to include the claim for violation of the New Jersey Patient's Bill of Rights as set forth in the proposed Fourth Amended Complaint filed herewith .

The Court also addressed the issue of Plaintiff's desire to plead claims for excessive force, granting Plaintiff's motion to amend as to include claims for excessive force as to Defendants Cabasa,  Kellum, Fisher, Gehbauer and Gardenshire.  (12/20/2012 Order, [Doc. No. 70, p.30.])

Plaintiff accordingly seeks in this motion to amend the complaint to include the claim for excessive force as set forth in the proposed Fourth Amended Complaint filed herewith.

The Court also addressed the issue of Plaintiff's desire to plead claims for failure to provide medical care, granting Plaintiff's motion to amend as to include claims for failure to provide medical care as to Defendants Chang, Cabasa,  Kellum, Fisher, Gehbauer and Gardenshire.  (12/20/2012 Order, [Doc. No. 70, p.30.])

Plaintiff accordingly seeks in this motion to amend the complaint to include the claim for failure to provide medical care as to Defendants Chang, Cabasa,  Kellum, Fisher, Gehbauer and Gardenshire.

**ARGUMENT**

*I. Leave of Court should be Granted for Plaintiff to Amend the Complaint to reinstate Causes of Action for (1) Negligence and (2) assault and battery, as to defendants: Marie Ann Cabasa, RN:  Lori Gardenshire, RN, SNS; Constance Kellum, HSA,TES;   Raymond E. Fisher, HST; David Gehbauer, HS; Young Chang, MD, and a count for fraudulent concealment of evidence as to Linda Jones, APH Health Information Management Department.*

*F.R.Civ.P.* 15(a) states:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.


The liberal amendment philosophy afforded by Rule 15(a) "limits the district court's

discretion to deny leave to amend." *Adams v. Gould*, 739 F.2d 858, 864 (3rd Cir. 1984). Although Rule 15(a) requires that leave of court be freely given when justice requires, the proposed amendments must also satisfy the requirements of *F.R.Civ.P.* 18 and 20.

Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party. Here, the causes of action Plaintiff seeks to assert should be permitted as to the above Defendants as noted for violation of New Jersey Patient's Bill of Rights, excessive force, negligence, assault and battery, failure to provide medical care and fraudulent concealment of evidence. The proposed amendments are therefore consistent with Rule 18(a).

Plaintiff also seeks to include claims against Defendant David Gehbauer, HSA, who participated in the code blue take down and forced IM injection of plaintiff. In his proposed amended complaint, Plaintiff alleges Defendants APH, DMHAS that failed to attend to his serious medical needs. See *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978); *Natale v. Camden County Correctional Facility,* 318 F.3d 575 (3d Cir. 2003). The proposed joinder of David Gehbauer satisfies the requirements of Rule 20(a) (2). This rule provides that: "Persons–as well as a vessel, cargo or other property subject to admiralty process in Rem –may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Here, the relief sought by Plaintiff as to the existing and proposed defendant arises out of the same series of occurrences–the forced injection and assault of Plaintiff and the subsequent denial of medical treatment while Plaintiff was confined at APH. Moreover, a common question of law is raised as to all defendants–whether they were deliberately indifferent to and/or failed to exercise professional judgment as to Plaintiff's serious medical needs while forcibly injecting him with intramuscular Haldol and breaking his ankle in the process.  Plaintiff had a right to refuse medication but they injected him over his objection and failed to follow the procedure for use of medication over a patient's objection.

Judge Kugler noted in his 8/18/11 Opinion in response to the Defendants' second motion to dismiss (Doc. No. 28), "Thus, Plaintiff fails to state a claim against any of the remaining Defendants because he does not allege facts sufficient to establish Defendants' direct involvement  in his restraint or that Defendants are liable under the Third Circuit's supervisory liability precedent."

(8/18/11 Opinion at pp. 7, 10-11,)  The proposed amendment appears to correct these deficiencies by making direct allegations as to the participation and involvement of the Defendants in the above.   In addition, in responding to Defendants' motion plaintiff refers to video footage of the incident after the complaint was filed as noted in footnote 1, Judge Kugler notes that "Plaintiff includes many new factual allegations in his brief regarding the individual conduct and knowledge of the eight Defendants.  Plaintiff's submission is improper.    Plaintiff may not evade dismissal of the operative pleading by supplementing it with new facts in his opposition…If Plaintiff has discovered new facts that support his claim, he must move to amend the Second Amended Complaint."  [See

Kugler 8/1/11 Opinion, page 2, fn1.] Thus Plaintiff now seeks to properly allege facts revealed since the last complaint upon which the motion had been decided by the surveillance video and documents supplied in discovery. For example, the Defendants acknowledge that the video surveillance recording from Camera 6 have been destroyed notwithstanding their knowledge of the Plaintiff's claims both actual and constructive notice of the claim giving rise to the fraudulent concealment of evidence count. Plaintiff had notified APH CEO Alan Boyer via letters in October 2008 and March 16, 2011 of the claims and the specific need to preserve the video evidence noting, "We subsequently asked that the video and all evidence be preserved by you in unaltered condition in accordance with Rosenblit v Zimmerman, 166 NJ 391 (2001.)" Thus, there are genuine issues of fraudulent concealment of evidence in Counts of the proposed "Fourth Amended Complaint".

As to Count 6 TAC, Judge Kugler's 8/18/11 slip opin. at pp. 17-18, the court does find that the allegations of actions of Cabasa in that she ordered plaintiff's restraint and forcible without justification and that Chang observed Plaintiff's obvious ankle injury and failed to timely treat and instead recorded in the chart "no injuries" as did Cabasa and that allegation supports a claim under the Patients' Bill of Rights, N. J. Stat. Ann. § 30:4-24(e) (2). The court also noted that Plaintiff failed to allege facts establishing that Defendants Gardenshire, Kellum, Fisher, Dr. Sarmiento, Dr. Patel or Senkovic denied Plaintiff his rights under the Patients' Bill of Rights. The proposed amended complaint does now seek to incorporate facts as to the other Defendants that they acted to violate Plaintiff's rights.

The proposed amended complaint does now allege facts supporting these persons as "direct care staff" used excessive force, assisted to forcibly inject plaintiff and assisted in tying down his four limbs in a four-point restraint and allowed this restraint to continue after they heard plaintiff's complaints of pain and cries that "they broke my leg", and observed the injury and observed notes in the chart by Cabasa and Dr. Chang of "no injuries" and did nothing to correct the obvious error as did Dr. Sarmiento when he observed the obvious injury a few hours later as noted by Judge Kugler in the 8/18/11 opinion, p. 21.

Leave to amend the complaint should be granted as the proposed amendments satisfy the direct participation requirements of Rules 18(a) and 20(a) (2). Moreover, the Third Circuit has held that leave to amend may only be denied "if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Adams* at 864. Here, there is no bad faith motivation as Plaintiff has established additional viable causes of action against the defendants. There has also been no undue delay in seeking an amendment. To the extent that Plaintiff seeks to correct inadvertent omissions of claims for negligence previously pleaded and to assert claims approved by the Court, and to the extent that subsequent facts have arisen that clarify [Doc. No.18] and focus the Plaintiff's allegations on the fraudulent concealment of evidence and the person in charge thereof, Plaintiff has joined this party, namely, Linda Jones, Ancora Health Information Management Department, who were responsible for the oversight of the evidence to which fraudulent concealment is alleged.

Plaintiff's counsel became aware of concealment issues at the time of the status conferences held before the Honorable Ann Marie Donio, U.S.M.J. on     April 11,

2012 and March 26, 2012. Additionally, there is no prejudice to Defendants. To date, the parties have exchanged initial disclosures and Plaintiff has propounded his first set of interrogatories and request for production of documents to Defendants. No depositions have been taken or are scheduled. Accordingly, the defendants are not prejudiced. Lastly, Counsel for the Defendants did not object to this motion to amend and so indicated on April 11, 2012 at the last in person Scheduling Conference when asked by Judge Magistrate Donio if Counsel for Defendants objected to the filing of the Motion for Leave to File An Amended Complaint to be extended to May 30, 2012.

**CONCLUSION**

For all the reasons stated above, we respectfully submit that Plaintiff's motion for leave of court to amend the Complaint should be granted.

Dated: January 18, 2013

                                              Respectfully submitted,

                                              s/ Salvatore Principato, Jr.
                                              SALVATORE PRINCIPATO, JR.
                                              Attorney for Plaintiff

Date: January 18, 2013

SALVATORE PRINCIPATO, JR.,
Attorney at Law
523 Coleman Drive
Clayton, New Jersey 08012
Phone 856-881-5915
SPJrEsq@aol.com
Attorney for Plaintiff,
WOODROW BULLOCK, Jr.

CC: Hon. Robert B. Kugler, U.S.D.J.