IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
WOODROW BULLOCK, JR., :
:
      Plaintiff, : Civil No. 10-1412 (RBK/AMD)
:
    v. : **OPINION**
:
MARIE ANN CABASA, et al., :
:
      Defendants. :
_____ :

**KUGLER**, United States District Judge:

    This matter comes before the Court on a motion by Defendants Lori Gardenshire, Constance Kellum, Raymond Fisher, David Gehbauer, and Linda Jones to dismiss the Fourth Amended Complaint of Plaintiff Woodrow Bullock, Jr. ("Plaintiff") against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons expressed herein, the motion will be **GRANTED** as to Gehbauer and Jones, and **DENIED** as to Gardenshire, Kellum and Fisher.

**I.    BACKGROUND**

    Plaintiff is involuntarily committed at the Ancora Psychiatric Hospital ("Ancora"), which is a public inpatient facility. This matter arises out of the claims by Plaintiff that on April 6, 2008, he was forcibly restrained by nine Ancora staff members, so that an injection of medication could be administered against his wishes. The injection and the physical restraint of Plaintiff were ordered by Mary Ann Cabasa, a staff nurse at Ancora. Plaintiff alleges that when the staff members forcibly restrained him and attempted to tie down his hands and ankles, they caused a trimalleolar fracture of his right ankle, which eventually required surgical intervention

and the installation of a plate to reduce the fracture. Plaintiff further alleges that the staff members left him restrained for several hours, ignoring his pleas of severe pain in his ankle. When a staff doctor, Young Chang, M.D., examined Plaintiff after the incident, Dr. Chang wrote in a report that Plaintiff was not injured. Plaintiff further alleges that when another doctor did diagnose the fracture, Ancora did not allow Plaintiff to have an orthopedic evaluation for five days and allowed him only 600 milligrams of Motrin to control the pain.[1]

On March 18, 2010, Plaintiff filed a complaint naming Ancora, the State of New Jersey, and a number of Ancora employees as defendants. Plaintiff amended his complaint three times before his complaint captioned as the "Amendment to Second Amended Complaint ("ASAC")[2] came before this Court pursuant to a motion to dismiss filed on February 25, 2011. Mot. to Dismiss Pl.'s Am. To Second Am. Compl. (ECF Doc. No. 28). The ASAC only included individual Ancora employees as defendants. In the ASAC, Plaintiff asserted claims for (1) "Violation of the Civil Rights Act of 1964;" (2) "Violation of the 14th Amendment;" (3) "Violation of 42 U.S.C. § 1985 (Conspiracy to Interfere with Civil Rights);" (4) "Assault and Battery;" (5) "Doctrine of Respondeat Superior;" (6) "The Failure to Implement the Public Policy;" (7) "Violation of an Express or Implied Contract;" (8) "Negligence;" and (9) "Liability of Defendants Jointly, Severally or Individually." ASAC ¶¶ 81-140 (ECF Doc. No. 19).

Pursuant to an August 18, 2011 Opinion and Order, this Court dismissed all of Plaintiff's claims except for the claims against Nurse Cabasa for violations of Plaintiff's Fourteenth Amendment rights, assault and battery, violations of the New Jersey Patients' Bill of

---

[1] A more detailed background of the events of April 6, 2008 may be found in the Opinion of this Court of August 18, 2011, which granted in part the motion of certain defendants to dismiss an earlier version of Plaintiff's complaint. The Opinion is filed as ECF Doc. No. 37, and is available at Bullock v. Ancora Psychiatric Hosp., Civ. No. 10-1412, 2011 WL 3651352 (D.N.J. Aug. 18, 2011).
[2] The first three amended complaints were captioned "Amended Complaint," "Second Amended Complaint" and "Amendment to Second Amended Complaint." See ECF Doc. Nos. 3, 11, and 19.

Rights, and negligence, and the claims against Dr. Chang for violations of Plaintiff's Fourteenth Amendment rights, violations of the New Jersey Patients' Bill of Rights, and negligence. Bullock v. Ancora Psychiatric Hosp., Civ. No. 10-1412, 2011 WL 3651352 at *13 (D.N.J. Aug. 18, 2011). The claims against Defendants Gardenshire, Kellum, and Fisher were dismissed in their entirety. According to the ASAC, Gardenshire was a nurse employed by Ancora. Id. at *5. Although Plaintiff alleged that she failed to provide medical care, Plaintiff did not allege in the ASAC that Gardenshire restrained Plaintiff, treated or examined Plaintiff after he sustained his ankle injury, or engaged in any other specific conduct that would sustain a claim under any of the counts in the ASAC. Id. at *5-12. Plaintiff's claims against Fisher, a "human services technician," and Kellum, a "human services assistant," were dismissed for similar reasons. Id.

Magistrate Judge Donio held several telephone status conferences following the entry of the August 18, 2011 Order, and on November 30, 2011, January 4, 2012, March 26, 2012, and April 11, 2012, issued scheduling orders setting and extending deadlines for Plaintiff to file a motion to amend his pleading or join new parties. See ECF Doc. Nos. 44, 46, 50, 51 (Scheduling Orders entered by Judge Donio).

Subsequently, on May 30, 2012, within the deadline set in the April 11, 2012 scheduling order, Plaintiff filed a motion seeking leave to file a third amended complaint ("TAC"). The proposed TAC included claims against the State of New Jersey, Ancora, a number of state officials, and the Ancora employee defendants in their individual and official capacities. See Proposed TAC (ECF Doc. No. 54-4). The proposed TAC also included claims for negligent and intentional spoliation of evidence against Alan Boyer and Latanya Wood El, the CEO and former CEO of Ancora. Id. ¶¶ 85-95. On December 20, 2012, Judge Donio entered an Opinion and Order granting in part and denying in part Plaintiff's motion to amend. See ECF Doc. No. 70

(Opinion and Order of Judge Donio, filed December 20, 2012). Judge Donio granted the motion as to Defendants Cabasa, Chang, Gardenshire, Kellum, Fisher, and Gehbauer, but only as to Plaintiff's claims of excessive force and failure to provide medical care that he sought to enforce through 42 U.S.C. § 1983, and his claim for violations of the New Jersey Patients' Bill of Rights. Id. at *31-32. The Opinion and Order also provided that Plaintiff could file a renewed motion to amend the TAC to assert a claim for fraudulent concealment and to reinstate claims for assault and battery and negligence. Id. at *32.

On January 8, 2013, Plaintiff filed the TAC, naming only the defendants and causes of action that were permitted by Judge Donio's Opinion and Order. Then, on January 18, 2013, he filed a motion seeking leave to file a Fourth Amended Complaint ("FAC"). The proposed FAC included the additional causes of action that Judge Donio addressed in her Opinion and Order, and also included Linda Jones as a new defendant. Jones is identified by Plaintiff as an employee of Ancora's Information Management Department. FAC ¶ 55. On February 25, 2013, Judge Donio granted Plaintiff's motion to amend, and on March 12, 2013, he filed his FAC. The FAC contains counts for (1) "Deprivation of Federally Protected Rights," (2) "Violation of New Jersey Patients' Bill of Rights," (3) "Assault and Battery," (4) "Negligence," and (5) "Fraudulent Concealment of Evidence." FAC ¶¶ 66-87. Moving Defendants now ask the Court to dismiss the FAC as against them.[3]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all

---

[3] Unlike the ASAC, the TAC and FAC allege that Gardenshire, Fisher and Kellum participated in the forcible restraint of Plaintiff when he was injected with medication, and that they used excessive force, causing his ankle to be fractured. See TAC ¶ 12, FAC ¶ 12. Gehbauer is also included in these allegations. Id. None of these moving defendants now argue that Plaintiff's factual allegations as set forth in the FAC are insufficient to state a claim.

4

factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A statute of limitations defense may be raised in a 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)). The statutory bar must be "apparent on the face of the complaint" in order to form the basis for a dismissal under Rule 12(b)(6). Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.").

### III. DISCUSSION

Defendants argue that the claims made in the FAC against Gardenshire, Kellum, Fisher, Gehbauer, and Jones are time-barred by the statute of limitations. These defendants can be divided into two groups. Gardenshire, Kellum and Fisher were named in the ASAC, but were dismissed pursuant to the Order of this Court dated August 18, 2011. Gehbauer and Jones were not named in the ASAC or any prior complaint filed by Plaintiff. Gehbauer was evidently first

5

named in the proposed TAC, which was filed with the Court on May 30, 2012. Jones was first named in the proposed FAC, filed on January 18, 2013. With respect to the claim against Jones, Defendants also argue that Plaintiff did not satisfy the notice requirement of the New Jersey Tort Claims Act, and that the FAC does not state a claim against Jones.

Plaintiff argues that he amended the complaint to cure certain defects based upon reliance on scheduling orders issued by Judge Donio, and that the August 18, 2011 Order was not a final, appealable order. Pl. Opp'n at 8-10. He also argues that the claims are not time-barred because they relate back to the original claims pursuant to Federal Rule of Civil Procedure 15(c) and 15(d). Id. at 8. Plaintiff further appears to suggest that the claims against Gehbauer and Jones are not time-barred because these parties were in a class of defendants named as fictitious "John Doe" defendants. Id. at 4-5.[4]

The parties do not dispute that a two-year statute of limitations applies to the § 1983 claims filed by Plaintiff in Count One of his complaint. See Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). Because the events giving rise to the injury took place on April 6, 2008, and there is no indication that Plaintiff did not know of the injury at that time, the statute of limitations date for these claims would have been April 6, 2010. See Freeman v. New Jersey, 347 N.J. Super. 11, 22 (App. Div. 2002). The statute of limitations for the state-law personal injury claims described in the FAC is also two years. See N.J.S.A. 2A:14-2(a).[5]

---

[4] The issue of the statute of limitations was not previously decided by this Court, as Plaintiff suggests. Plaintiff claims that "Defendants are again asserting the same shopworn ill-fated arguments in their last motion to dismiss Plaintiff's Third Amended Complaint." Pl. Opp'n at 6. The Court observes that no motion to dismiss the Third Amended Complaint is located on the docket. To the extent that Plaintiff may be referring to Defendants' arguments in opposing his motion to amend, the Court notes that when Judge Donio ruled on the motion to amend, she explicitly declined to address the statute of limitations arguments raised by Defendants, indicating that "Defendants may raise the statute of limitations defense by way of dispositive motion." ECF Doc. No. 70 at 11 n.7 (Opinion and Order of Judge Donio, filed December 20, 2012). Therefore, the statute of limitations arguments are properly before the Court pursuant to this motion.

[5] The parties did not specifically address the statute of limitations that applies to the alleged violations of the New Jersey Patients' Bill of Rights described in Count Two. Because no party asserts that a statute of limitations other

6

Because some of the moving defendants were named in the previous complaint and others were not, their claims are discussed separately.

### A. Claims Against Gardenshire, Kellum, and Fisher

In connection with the claims against Defendants Gardenshire, Kellum and Fisher, these defendants argue that when the claims against them were dismissed without prejudice on August 18, 2011, that dismissal foreclosed the ability of Plaintiff to refile because the result of the dismissal is that "the original complaint is treated as if it never existed." Def. Br. at 12 (quoting Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005).

The Third Circuit has indicated that "the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint." Brennan, 407 F.3d at 606. However, this principle only applies where the order dismissing the complaint is a "final and appealable order." Id. When the parties do not treat the complaint as non-existent or contemplate that an order is final and appealable, the Court should not treat the complaint as if it never existed. Id. at 607. Although Brennan discussed the scenario where a specific window of time within which a complaint may be amended is provided by the dismissing order, one of the policies that the Third Circuit addressed is that courts should avoid the risk that a plaintiff "may choose to simultaneously file a direct appeal from the order to the Court of Appeals while also continuing to litigate in district court. . . ." Id.

---

than two years applies to this claim, it is not necessary to discuss this aspect in detail. The statute provides that patients may enforce their rights "by civil action or other remedies otherwise available by common law or statute." N.J.S.A. 30:4-24.2(h). Because the statute does not provide for its own statute of limitations, it appears that an action such as the one advanced by Plaintiff may also be governed by N.J.S.A. 2A:14-2, in that it alleges "an injury to the person" caused by a "wrongful act" of another person.

Here, Plaintiff's entire complaint was not dismissed without prejudice pursuant to the August 18, 2011 Order of this Court. Only certain claims and defendants were dismissed, while other defendants were not dismissed with respect to some claims. The Court and the parties evidently did not act as if the complaint never existed. For example, on November 30, 2011, January 4, 2012, March 26, 2012, and April 11, 2012, Magistrate Judge Donio entered scheduling orders pursuant to telephone status conferences, setting dates by which Plaintiff was required to move to file an amended complaint or join new parties. See ECF Doc. Nos. 44, 46, 50, 51. (Scheduling Orders entered by Judge Donio). Although counsel for the moving defendants evidently did not participate in the status conferences, Plaintiff ultimately filed his TAC within the time period set by Judge Donio's April 11, 2012 Order.

Further, this Court's Order of August 18, 2011 did not constitute a "final and appealable order." The Courts of Appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. Therefore, "a party is entitled to a single appeal, to be deferred until final judgment has been entered . . . ." Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868 (1994). In this case, because Plaintiff's claims against other defendants were not dismissed, Plaintiff could not have appealed the dismissal of the claims against Gardenshire, Kellum, and Fisher. Further, no exception to the final judgment rule, such as the collateral order doctrine, applies to the dismissal of these defendants, as they acknowledge. See Def. Br. at 12, n.9. Because this Court's prior order with respect to these defendants was not a "final and appealable order," Plaintiff's ability to remedy the deficiencies in his complaint was not foreclosed by the entry of the August 18, 2011 Order.

Defendants alternatively argue that even if the complaint could have been amended immediately after the August 18, 2011 Order, they were prejudiced by the nine-month delay between dismissal and Plaintiff's motion to amend the complaint, and the further delay until April 1, 2013 before these defendants evidently waived service.[6] Def. Br. at 13-14. However, the cases cited by Defendants in support of this argument are inapposite, because they all involve parties who were added for the first time pursuant to an amended complaint, or substituted in for fictitious defendants. See Johnston v. Muhlenberg Reg'l Med. Ctr., 326 N.J. Super. 203, 208 (App. Div. 1999) (one-year delay between discovery of the identity of a new defendant and service of process on that defendant was prejudicial); Mears v. Sandoz Pharm., Inc., 300 N.J. Super. 622, 631 (App. Div. 1997) (parties who were not named in the initial complaint were prejudiced by being exposed to potential liability for the first time after the statute of limitations had run).

The claims of prejudice made by Gardenshire, Kellum, and Fisher are not equivalent to claims of prejudice by a defendant who had never been named prior to the expiration of the statute of limitations. Gardenshire, Kellum and Fisher were all aware that they had been sued prior to the expiration of the two-year statute of limitations. Although approximately nine months passed between the entry of the Order of dismissal and the motion to amend, Plaintiff relied upon the scheduling orders of Judge Donio and complied with those orders in filing his motion to amend.

The Court does not find any prejudice in the further passage of time between Plaintiff's filing of his motion to amend on May 30, 2012 and his filing of the FAC on March 10, 2013.

---

[6] Defendants indicate that at the time of the filing of this motion, Gehbauer and Jones had still not been served with any version of the complaint, although "on information and belief, they have received plaintiff's request to waive service and have requested the Attorney General to represent them." Def. Br. at 8, n.3.

Unlike a defendant who is made aware of claims against her for the first time through service, Gardenshire, Kellum, and Fisher were aware, through counsel, that Plaintiff had moved to amend the complaint to include them again. Their counsel filed a letter with the Court approximately one week after Plaintiff filed his motion to amend, requesting an adjournment of the motion date. Most of the time that elapsed between Plaintiff's May 30, 2012 motion to amend and the filing of the FAC was to allow Defendants to oppose the motion to amend and to allow Judge Donio time to consider the arguments of the parties and rule on the motion. The Court finds that Defendants were fully aware that they were exposed to potential liability once the motion to amend was filed and they suffered no further prejudice by the lapse of time between filing of the motion to amend and filing of the FAC.[7]

**B. Claims Against Gehbauer**

Plaintiff moved to amend his complaint to include Gehbauer as a defendant on May 30, 2012, more than two years after the parties agree that the statute of limitations had expired. Plaintiff argues that this amendment did not violate the statute of limitations because the amendment related back to the original, timely filed complaint under Fed. R. Civ. P. 15(c), and because the claim against Gehbauer falls within the ambit of fictitious defendant, "John Doe," pleading. Pl. Opp'n at 4, 9.

Rule 15(c) provides in relevant part:

(c) Relation Back of Amendments.

---

[7] Because Plaintiff's claims against Gardenshire, Kellum and Fisher in the FAC are not barred by the statute of limitations, it is not necessary to address Plaintiff's additional argument that the claims relate back to the original complaint pursuant to Fed. R. Civ. P. 15(c). The Court is not convinced that this rule can be used in this situation, however, as it could permit an open-ended invitation to re-file against dismissed parties. See, e.g., Wandrey v. Service Business Forms, Inc., 762 F. Supp. 299, 303 (D. Kan. 1991) (relation back cannot be used to re-file against dismissed defendants after the statute of limitations has expired); Nite & Day Power Techs. v. Corporate Capital Res., Inc., Civ. No. 89-20298, 1995 WL 7942, at *5 (N.D. Cal. Jan. 5, 1995) (no relation back when defendants were dismissed from an action and later renamed in an amended complaint).

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Here, the issue is whether Plaintiff can use 15(c)(1)(C) to have his amended complaint substituting Gehbauer in place of "Jane Doe HSA" relate back to his original complaint.[8] All three of the conditions in 15(c)(1)(C) must be satisfied in order for an amendment to relate back. The first condition is that the provision in Rule 15(c)(1)(B) is satisfied. The parties do not dispute that this is the case, in that the claim against Gehbauer "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. The second and third conditions must be met "within the period provided by Rule 4(m) for serving the summons and complaint," which is "120 days after the complaint is filed." Fed. R. Civ. P. 4(m). The second condition is that the new party must have "received such notice

---

[8] The FAC alleges that Gehbauer was a "Human Services Assistant," which is evidently the job title referred to in the ASAC by the "Jane Doe HSA" fictitious name.

of the action" with the 120 day time period so that the party "will not be prejudiced in defending on the merits."  Fed. R. Civ. P. 15(c)(1)(C)(i).  This condition "has two requirements, notice and the absence of prejudice, each of which must be satisfied."  <u>Urrutia v. Harrisburg Cnty. Police Dep't</u>, 91 F.3d 451, 458 (3d Cir. 1996).  The third condition is that the new party must have known, or should have known, within the 120 day period, "that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).

It is the plaintiff's burden to show notice.  <u>Arroyo v. Pleasant Garden Apartments</u>, 14 F. Supp. 2d 696, 701 (D.N.J. 1998).  Notice does not require actual service of process on a defendant; rather, notice may occur where a party who has some reason to expect to be involved in litigation hears of the filing of a lawsuit "through some informal means."  <u>Singletary v. Pennsylvania Dep't of Corr.</u>, 266 F.3d 186, 195 (3d Cir. 2001).  However, "the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action."  <u>Id.</u>  Here, although Plaintiff cites Rule 15(c) in its entirety, including the notice provision, Plaintiff makes no suggestion or argument that Gehbauer received notice of the institution of this action within 120 days after the filing of the original complaint, nor has the Court observed any indication in the record that Gehbauer received such notice.  <u>See</u> Pl. Opp'n at 4.  Therefore, the claim against Gehbauer is barred by the statute of limitations and does not relate back to an earlier pleading under Fed. R. Civ. P. 15(c).  <u>See also</u> <u>Krupski v. Costa Crociere S. p. A.</u>, 130 S. Ct. 2485, 2493 (2010) (observing that the key question is what the prospective defendant knew or should have known during the Rule 4(m) period, and not what the plaintiff knew or should have known).

The analysis under the "fictitious party" pleading rule does not require an extensive separate discussion. When a plaintiff seeks to replace "a 'John Doe' caption with a party's real name", such a substitution "amounts to 'changing a party' within the meaning of Rule 15(c), and thus will only relate back if all three conditions specified in the Rule have been satisfied." Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174 (3d Cir. 1977). Invocation of the fictitious pleading rule may cause the tolling of the statute of limitations for state law causes of action. See N.J. Ct. R. 4:26-4. However, fictitious pleading will only toll the statute of limitations "if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint." DeRienzo v. Harvard Indus., Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citing Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973)). Here, Plaintiff has made no showing of any diligent effort he made to ascertain Gehbauer's identity or any reason why this defendant's identity was not known to him prior to the expiration of the statute of limitations. Therefore, the claims against Gehbauer must be dismissed with prejudice as time-barred.

**C. Claim Against Jones**

Plaintiff included Linda Jones as a defendant for the first time in the FAC. Jones is only named in Count Five, which is a cause of action for fraudulent concealment based upon alleged spoliation of evidence. This allegation is based on the failure of Jones to preserve video evidence from surveillance cameras on the night of Plaintiff's injury. See FAC ¶ 83. The parties do not specifically address the issue of what statute of limitations applies to the claims in Count Five against Jones. As the claim relates to the destruction of surveillance footage, it evidently would not come within the ambit of the two-year statute of limitations for personal injury claims, and appears to be governed by N.J.S.A. 2A:14-1, which provides for a six-year statute of

13

limitations for tortious injuries unrelated to personal injuries or libel or slander. See Tartaglia v. UBS PaineWebber, Inc., 197 N.J. 81, 122 n.6 (2008) (indicating that spoliation claims between parties to a litigation are claims for fraudulent concealment, "a type of fraud claim"); Kaufman v. i-Stat Corp., 165 N.J. 94, 127 (2000) (indicating that N.J.S.A. 2A:14-1 provides for a six-year statute of limitations for common-law fraud claims). Because Jones has not made a showing that a two-year statute of limitations applies to the claim against her, the Court cannot dismiss it on the basis of being time-barred.

Defendant Jones alternatively argues that the claim against her should be dismissed for failure to comply with the terms of the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. 59:1-1 et seq. The NJTCA governs claims against the State of New Jersey and its public entities and employees, and its terms apply to both negligent and intentional torts. Velez v. City of Jersey City, 180 N.J. 284, 294-95 (2004).

The NJTCA contains time constraints for presenting claims against public entities and public employees. Prior to filing a complaint, a plaintiff must submit notice of a claim to the public entity sought to be held liable within ninety days of accrual of the claim. N.J.S.A. 59:8-8(a). If the plaintiff does not comply with the notice requirement, the plaintiff will be "forever barred from recovering against a public entity or public employee." N.J.S.A. 59:8-8. An exception to these harsh consequences of failure to comply applies if notice is filed within one year after accrual of the claim, and the plaintiff submits affidavits showing that "extraordinary circumstances" existed that caused the failure to file notice of the claim within the ninety-day window. N.J.S.A. 59:8-9.

Here, Plaintiff does not dispute that the claims against Jones are governed by the terms of the Tort Claims Act. His claim arose, at the latest, on or about January 28, 2011, when

14

Plaintiff's counsel indicated by e-mail that he was aware that the video footage "was no longer in existence or had been destroyed." Certification of David L. DaCosta, Ex. A (ECF Doc. No. 58); see Beauchamp v. Amedio, 164 N.J. 111, 119 (2000) (indicating that a cause of action accrues when the plaintiff knows he is injured and knows that a public entity was responsible.) Plaintiff first moved to amend his complaint to include this claim on January 18, 2013, almost two years after this latest point when the cause of action may have accrued.

Plaintiff does not argue that he has complied with the requirements of the NJTCA. Rather, he suggests that the notice that he sent indicating an intent to pursue the personal injury claims should also cover his independent fraud claim. Pl. Opp'n at 11-12. The law Plaintiff relies upon does not convince the Court that notice is not required in order to pursue a stand-alone cause of action for a fraud claim arising from spoliation of evidence. In one case cited by Plaintiff, the New Jersey Appellate Division found that a plaintiff had "substantially complied" with the NJTCA notice provisions when he filed a notice of claim and then subsequently amended his complaint to include additional tort causes of action arising out of the same underlying event as the original complaint. Morgan v. Union Cnty. Bd. of Chosen Freeholders, 268 N.J. Super 337, 357 (App. Div. 1993).

Here, the spoliation claim is not another cause of action arising out of the same underlying conduct as the subject matter of the original complaint. The notice that Plaintiff originally filed related to claims for personal injuries, including a fractured ankle, as a result of an alleged assault by staff members of the Ancora Psychiatric Hospital. The cause of action for spoliation relates to the conduct of Jones in destroying or failing to preserve surveillance footage related to the earlier incident. Therefore, the doctrine of substantial compliance does not save Plaintiff's claim. See D.D. v. Univ. of Medicine and Dentistry of New Jersey, 213 N.J. 130, 159

15

(the doctrine of substantial compliance in the NJTCA context is limited "to those situations in which the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute"). Plaintiff has made no argument that he made any timely, written notice that he intended to pursue a fraud claim related to spoliation of evidence. The NJTCA does not require a recitation of "the legal theories a claimant will raise." Lebron v. Sanchez, 407 N.J. Super. 204, 219 (App. Div. 2009). However, it does require the notice to include "the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted," and "a general description of the injury, damage or loss incurred . . . ." N.J.S.A. 59:8-4. Clearly, a notice indicating that Plaintiff fractured his ankle on April 6, 2008, does not comply with these notice requirements with respect to a fraudulent concealment claim that arose at a later date.

Plaintiff also argues that notice under the NJTCA is not required for claims brought under the New Jersey Civil Rights Act or the New Jersey Patients' Bill of Rights. Pl. Opp'n at 12-13. However, the sole count against Jones in the FAC is Count Five, for fraudulent concealment of evidence in connection with the spoliation allegations. Count Two, for alleged violations of the New Jersey Patients' Bill of Rights, N.J.S.A. 30:4-24.2(h), does not include any allegations against Jones and does not allege that loss or destruction of evidence in any way violated that statute. FAC ¶¶ 72-75. Further, the FAC does not even contain a count alleging violations of the New Jersey Civil Rights Act.[9] Therefore, the fact that notice under the NJTCA is not required for these other causes of action has no relevance to Plaintiff's fraud claims against Jones.

---

[9] It appears that Judge Donio denied Plaintiff's motion to amend with respect to a proposed cause of action under the New Jersey Civil Rights Act. See ECF Doc. No. 70, at 27 (Opinion and Order of Judge Donio, filed December 20, 2012).

16

Plaintiff's reliance upon State National Insurance Co v. County of Camden, Civ. No. 08-5128, 2012 WL 960431 (D.N.J. Mar. 21, 2012) is misplaced. In that case, Camden County appealed the magistrate judge's decision that it had improperly failed to implement a litigation hold with respect to evidence that it had a duty to preserve. As a result of the County's failure, the magistrate imposed sanctions in the form of attorneys' fees and costs, but denied the plaintiff's request for an adverse inference. Id. at *1. The district court upheld the magistrate's decision. Id. at *2. However, in that case, there is no indication that the plaintiff had asserted a stand-alone cause of action for fraudulent concealment or any other count related to the destruction or loss of evidence. Here, dismissal of Plaintiff's fraudulent concealment claim as its own count does not foreclose Plaintiff from seeking the remedies sought by the litigants in State National Insurance, or any other remedy that he believes he is entitled to as a result of the alleged spoliation of evidence.[10]

Because Plaintiff's claim against Jones will be dismissed for failure to comply with the notice requirements of the NJTCA, it is not necessary to reach the issue of whether Plaintiff's spoliation allegations are sufficient to state a claim for fraudulent concealment.

## IV. CONCLUSION

For the reasons stated herein, the motion will be **GRANTED** as to Defendants Gehbauer and Jones, and **DENIED** as to Defendants Gardenshire, Kellum, and Fisher. Because the claims against Gehbauer and Jones are dismissed because they are time-barred, and not due to a defect in pleading, it would be "futile" to amend the complaint to reassert claims against them. See

---

[10] The Court also declines to respond to Plaintiff's request that the Court "deem the Fifth Count of FAC to assert a claim for negligent failure to preserve evidence or negligent failure to place a litigation hold after the notice of the litigation." Pl. Opp'n at 19. This Court has previously indicated within this litigation that Plaintiff may not amend his complaint using the briefs in opposition to a motion to dismiss. See Bullock v. Ancora Psychiatric Hosp., Civ. No. 10-1412, 2011 WL 3651352 at *1 n.1 (D.N.J. Aug. 18, 2011).

Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Thus, the claims against Gehbauer and Jones will be dismissed with prejudice. An appropriate order shall issue.


Dated: 12/4/2013                                             /s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge